**In re U. et al., minors and D., their mother, Appellants,**

v.

**Wilbert LONG, Juvenile Officer of the City of St. Louis, Respondent.**

No. 42092.

Missouri Court of Appeals, Eastern District, Division Three.

Oct. 21, 1980.

Patricia L. Wendling, Juvenile Court, Suzanne E. Rechtin, St. Louis, for appellants.

Kuelker, Gates & Schaumann, H. Carl Kuelker, St. Louis, for respondent.

CLEMENS, Senior Judge.

In this action by respondent juvenile officer concerning the welfare of five minor children the trial court sustained respondent's neglect petition, finding at the conclusion of the adjudicatory hearing that the five minor children were without proper care, custody and control of their mother, the appellant, and their father–step–father; then, after a dispositional hearing, the court gave the children's temporary custody to the St. Louis County Division of Children Services for placement in foster home sub-

ject to parental visitation. Only the mother appeals.

The mother now contends the evidence did not show the children were at the time of the hearing in a dangerous environment, and that the court also erred—at the dispositional stage of the hearing—by then refusing to permit her to testify to deny the allegations of her misconduct.

■ We decline to recite in detail the sordid evidence of parental misconduct. After the adjudicatory hearing, the trial court made findings of fact, fully supported by the evidence. In summary, the court found the parents repeatedly whipped the naked children with heavy objects and that over a four–year period, the parents, particularly the step–father, performed sexual acts with the children. The girls' tearful complaints to their mother went unheeded. The father–step–father, an ex–convict, denied these acts. The mother, as hereafter discussed, did not testify about neglect.

The mother first contends the evidence fails to show the children were presently in a dangerous environment. The record shows the step–father had first raped one of the daughters four years before. Testimony of continuing parental sexual misconduct, without stating specific dates, warranted the trial court's findings that the parental misconduct had occurred on "numerous occasions" over the four–year period before the petitions were filed. We deny appellant's first point.

■ The mother's principal complaint is that the trial court, at the dispositional hearing, declined to hear her denials of misconduct.

We note that at the earlier adjudicatory hearing the mother initially appeared but when called as a witness her counsel could not find her in the courthouse. In mid–afternoon the court passed the hearing until ten o'clock the next morning so that she could testify. When she did not then appear her counsel stated that he had called her at home and told her to be in court at ten o'clock. After some delay the court began the dispositional hearing. Some time later the mother appeared and was sworn as a witness. Her counsel began to inquire about her alleged sexual conduct with one of the daughters. The court sustained an objection to her testifying on matters already covered in the concluded adjudicatory hearing. The court did permit her to testify about disposition of each of the children.

The challenged ruling was in accord with § 119.02, subd. a 1., V.A.M.R. Paragraph (6) thereof provides for hearing evidence in support of the petition. paragraphs (7–9) provide that if the allegations of the petition have been established (as they were here) the court shall then receive evidence concerning child disposition.

When the mother belatedly appeared before the court she had twice—with no excuse offered—failed to appear as ordered by the court.

The mother relies on *Flickinger v. Flickinger*, 494 S.W.2d 388 (Mo.App.1973), a change of custody case holding courts should "afford the parents an opportunity to be heard and accord them due process". That case does not help the mother because here she twice declined to exercise her opportunity to testify. Clearly, the trial court did not abuse its discretion in excluding from the dispositional hearing the mother's attempt to then raise matters already adjudicated. We find no error in either of the mother's two points raised on appeal.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.